```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CALVIN BUTLER                    :    CIVIL ACTION
                                 :
        v.                       :
                                 :
CITY OF PHILADELPHIA, et al.     :    NO. 12-1955
```

MEMORANDUM

O'NEILL, J.                                              MAY 4, 2012

Calvin Butler, a prisoner incarcerated at the State Correctional Institution at Mercer, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, against the City of Philadelphia; the Philadelphia Police Department; District Attorney Seth Williams; Assistant District Attorney Kevin Harden; "Officer Perez"; and Gerald Stein. For the following reasons, the Court will grant Butler leave to proceed in forma pauperis, dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and provide him leave to file an amended complaint.

I.  FACTS

Butler's claims arise out of criminal proceedings that were brought against him in state court. According to the complaint, Butler was arrested in October 2010, charged with driving under the influence, and held in custody pending trial. On April 20, 2011, a suppression hearing and trial were held. Assistant District Attorney Harden represented the Commonwealth, Officer Perez testified on the Commonwealth's behalf, and Attorney Stein represented Butler.

Butler asserts that Perez "testified [at the hearing/trial]

1

as if he was an arresting officer," and indicates that the testimony was improper or false because Butler did not recognize Perez and because Perez did not "appear on [the] information." (Compl. ¶¶ II.D & IV.F.2.) Although the charges against Butler were dismissed, District Attorney Williams and Assistant District Attorney Harden subsequently reopened the case. The charges were dismissed a second time on March 12, 2012.

Based on the above, Butler asserts various violations of his constitutional rights. He seeks $2 million in compensatory and punitive damages and seeks the imposition of criminal charges against the defendants.

## II. STANDARD OF REVIEW

Butler's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

## III. ANALYSIS

### A. Request for Criminal Charges

To the extent that Butler seeks to impose criminal liability on the defendants, his claims fail because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the Court will dismiss his request for relief in the form of criminal charges.

### B. Claims Against District Attorney Williams and Assistant District Attorney Harden

Prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." Imbler v. Pactman, 424 U.S. 409, 430-31 (1976); see also Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune when acting as an advocate in judicial proceedings"). Butler's claims against District Attorney Williams and Assistant District Attorney Harden are based on their decisions to prosecute him for driving under the influence and the manner in which Harden prosecuted the case. Accordingly, Williams and Harden are entitled to absolute immunity and the Court will dismiss the claims against them.

### C. Claims Against Attorney Stein

Butler sued Mr. Stein, his attorney, because Stein "showed [him] a hand written affidavit with Officer Perez's signature," which allegedly constituted ineffective assistance of counsel.

3

(Compl. ¶¶ II.D & V.) Butler's § 1983 claims against Stein fail because Stein is not a state actor. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). To the extent that Butler is asserting a malpractice claim against Stein under state law, he has not stated a claim because it is not clear how Stein's actions constituted negligence or caused him harm. See Wachovia Bank N.A. v. Ferretti, 935 A.2d 565, 570-71 (Pa. Super. Ct. 2007) (a plaintiff in a legal malpractice action must show "(1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff"). Accordingly, the Court will dismiss Butler's claims against Stein.

### D. Claims Against Officer Perez

All of plaintiff's claims against Officer Perez appear to be predicated on the allegedly false testimony he gave at the suppression hearing and/or trial. "[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony." Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012). The same is true for witnesses who

4

testify at judicial hearings. See McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992) ("[W]itness immunity applies to testimony given at pretrial hearings as well as to trial testimony . . . .") (footnote omitted). Accordingly, the Court will dismiss plaintiff's claims against Perez.

### E. Claims Against the City of Philadelphia and the City of Philadelphia Police Department

The Philadelphia Police Department must be dismissed as a party because it may not be sued as a separate entity from the City. See Regalbuto v. City of Phila., 937 F. Supp. 374, 377 (E.D. Pa. 1995) ("[T]he suit must be dismissed against the Philadelphia Police and Fire Departments because they are not separate legal entities that can be sued."), aff'd, 91 F.3d 125 (3d Cir. 1996) (unpublished table decision). Furthermore, the Court will dismiss Butler's claims against the City because nothing in the complaint suggests that the constitutional violations of which he complains stemmed from a municipal policy, practice, or custom. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] However, as district

---

[1] As the Court has concluded that there is currently no merit to Butler's claims, the request for counsel contained in his letter to the Court (Document No. 3) is denied without prejudice to his filing a motion for appointment of counsel at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's

courts should generally provide a pro se plaintiff with leave to amend, see Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002), Butler will be given the opportunity to file an amended complaint to the extent he can cure any of the deficiencies noted above. An appropriate order follows.

---

claim").